IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Feb 24 2021
U.S. DISTRICT COURT
Northern District of WV

STATE FARM FIRE AND
CASUALTY COMPANY as
subrogee of Guangren Li,

    Plaintiff,

vs.

WDI TECHNOLOGY CO., LTD.,

    Defendant.

*FILED ELECTRONICALLY*

CIV. ACTION NO.  **1:21-CV-30 (Keeley)**

*Jury trial demanded.*

# COMPLAINT

Plaintiff, State Farm Fire and Casualty Company as subrogee of Guangren Li, by and through its counsel, David J. Rosenberg, Esquire, and the law firm of Weber Gallagher Simpson Stapleton Fires & Newby, LLP, and hereby avers as follows:

## PARTIES

1. Plaintiff, State Farm Fire and Casualty Company ("State Farm" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.  At all times material hereto, Plaintiff was duly authorized to issue insurance policies within the State of West Virginia.

2. Defendant, WDI Technology Co., Ltd. ("WDI" or "Defendant"), is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3 Musick Drive, Irvine, California 92618.  At

all times material hereto, Defendant was engaged in the business of manufacturing toilet valve products and sold their products through Lowes Home Improvement within Monongalia County, West Virginia.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 as Plaintiff is not a citizen of the Defendant's state of incorporation or principal place of business and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the events or omissions giving rise to the claims at issue occurred in Morgantown, Monongalia County, West Virginia.

## FACTUAL ALLEGATIONS

5.  At all times material hereto, Guangren Li ("Li") owned a property located at 116 June Lane, Morgantown, West Virginia 26508 ("the Subject Property").

6.  At all times material hereto, Li maintained a policy of insurance with State Farm which covered the Subject Property.

7.  Pursuant to its policy of insurance and West Virginia common law, State Farm retains subrogation rights against alleged tortfeasors for any payments made pursuant to the policy.

8. At all times material hereto, WDI was in the business of manufacturing toilet valve products including one in the Subject Property.

9. Prior to April 7, 2019, a WDI Toilet Fill Valve Inlet Shank Model B3834E was purchased as part of an AquaSource toilet at Lowes Home Improvement and installed in the Subject Property.

10. On or about April 7, 2019, WDI's aforementioned toilet valve failed, causing and/or emitting water in the Subject Property, causing damage to the Subject Property and its contents.

11. Pursuant to its policy of insurance with Li, Plaintiff State Farm paid sum-certain damages in the amount of $86,813.81 and Li sustained a loss of his $2,417.00 deductible as a result of the aforementioned damages.

## COUNT I - NEGLIGENCE

12. Plaintiff incorporates paragraphs 1-11 as though the same were set forth at length herein.

13. The careless, negligent, and reckless conduct of WDI was the direct and proximate cause of the damages suffered by Plaintiff, and that conduct is more particularly set forth in the lettered paragraphs below:

   a. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank in a defective and/or unreasonably dangerous condition;

b. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank so that it was unreasonably dangerous to its intended and foreseeable users;

c. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank that was not safe for all of its intended and foreseeable purposes and uses;

d. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank that lacked every safety element that was necessary to protect users of said products;

e. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank that could cause water loss;

f. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank that could dangerously cause water loss;

g. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank without adequate, necessary, and proper warnings about the dangers of water loss;

h. Designing, manufacturing, assembling, distributing, selling, and/or supplying the Toilet Fill Valve Inlet Shank without adequate, necessary, and proper warnings about the dangers of failure;

i. Designing, manufacturing, assembling, distributing, selling, and/or supplying a product that could be designed more safely;

j. Performing inadequate testing and/or repairs to the product;

k. Manufacturing the Toilet Fill Valve Inlet Shank with deficient material resulting in a fracture and a failure of the product;

l. Manufacturing and selling a product that failed to withstand the stresses and environment of its intended conditions;

m. Constructing the valve using improper injection mold practices, which was inappropriate for the intended use and resulted in the failure;

n. Constructing, manufacturing, selling, and designing the product deficient materials for the products intended and expected use;

o. Failing to provide Plaintiff with the standard of care owed to it under the circumstances; and

p. Failing to exercise reasonable care under all the circumstances.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Guangren Li, demands judgment in its favor and against the Defendant, WDI Technology Co., Ltd., in the amount of $89,230.81, exclusive of interest and costs.

### COUNT II - STRICT LIABILITY

14. Plaintiff incorporates paragraphs 1-13 as though the same were set forth at length herein.

15. At all times material hereto, WDI was engaged in the business of designing and/or manufacturing and/or producing and/or selling and/or supplying and/or otherwise placing into the stream of commerce the Toilet Fill Valve Inlet Shank for use.

16. At all times material hereto, WDI did design, manufacture, produce, sell, supply, and/or otherwise place into the stream of commerce the Toilet Fill Valve Inlet Shank in a defective condition, as more fully described in paragraph 13 above,

and failed to warn of said defects, which defects and failure to warn rendered the Toilet Fill Valve Inlet Shank unreasonably dangerous.

17. The Toilet Fill Valve Inlet Shank was not abused or altered in any way from the condition in which it was manufactured and supplied by WDI.

18. The Toilet Fill Valve Inlet Shank was defective and unreasonably dangerous at the time it left the control of WDI.

19. The aforementioned Toilet Fill Valve Inlet Shank was expected to and did reach Li and was used by Li without a substantial change in the condition in which it was manufactured for sale.

20. At all relevant times hereto, the Toilet Fill Valve Inlet Shank was used and employed for the purpose for which it was designed and manufactured, and was used in a foreseeable manner.

21. At all relevant times, Toilet Fill Valve Inlet Shank was not equipped with every element to make it safe for its intended use.

22. Defendants are strictly liable to Plaintiff for the foregoing reasons.

23. As a direct and proximate result of the defective, dangerous, and unsafe condition of the Toilet Fill Valve Inlet Shank, Plaintiff suffered the damages set forth above.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Guangren Li, demands judgment in its favor and against the Defendant, WDI Technology Co., Ltd., in the amount of $89,230.81, exclusive of interest and costs.

**COUNT III - BREACH OF EXPRESS AND IMPLIED WARRANTIES**

24. Plaintiff incorporates paragraphs 1-23 as though the same were set forth at length herein.

25. In designing, manufacturing, assembling, distributing, selling and/or supplying the Toilet Fill Valve Inlet Shank, WDI expressly and impliedly warranted and represented that the Toilet Fill Valve Inlet Shank was merchantable and fit and safe for its intended use and the ordinary purposes for which it was sold, and that the subject product was free from defects.

26. Specifically, the Toilet Fill Valve Inlet Shank was designed and intended to be used safely without the risk of water loss.

27. WDI expressly and impliedly warranted and represented the Toilet Fill Valve Inlet Shank was merchantable and fit and safe for this intended purpose.

28. The Toilet Fill Valve Inlet Shank designed, manufactured, assembled, distributed, sold and/or distributed was not safe for its intended use and, as a result, breached the implied warranty of merchantability.

29. As a result of Defendant's breach of the express and implied warranties of merchantability and fitness for a particular purpose, Plaintiff suffered the damages set forth.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company as subrogee of Guangren Li, demands judgment in its favor and against the Defendant, WDI Technology Co., Ltd., in the amount of $89,230.81, exclusive of interest and costs.

*Jury trial demanded.*

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

By: ___/s/ *David J. Rosenberg*___
David J. Rosenberg, Esquire
drosenberg@wglaw.com
WV I.D. No. 6371

Four PPG Place, 5th Floor
Pittsburgh, PA 15222
T: (412) 281-4541
F: (412) 281-4547